IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| BRENDA BELL | ) | CASE NO. 10CV1225 |
| | ) | |
| Plaintiff, | ) | JUDGE KATHLEEN M. O'MALLEY |
| | ) | Magistrate Judge Gallas |
| -vs- | ) | |
| | ) | **ANSWER OF DEFENDANT** |
| GIANT EAGLE, INC. | ) | **GIANT EAGLE, INC.** |
| | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Defendant, Giant Eagle, Inc. for its Answer to Plaintiff's, Brenda Bell, (hereinafter "Plaintiff"), Complaint states as follows:

1. Giant Eagle admits the allegations set forth in Paragraph 1 of Plaintiff's Complaint.

2. Giant Eagle admits the allegations set forth in Paragraph 2 of Plaintiff's Complaint.

3. Giant Eagle is without sufficient information to either admit or deny the allegations set forth in Paragraph 3 of Plaintiff's Complaint.

4. Giant Eagle denies the allegations set forth in Paragraph 4 of Plaintiff's Complaint.

5. Giant Eagle denies the allegations set forth in Paragraph 5 of Plaintiff's Complaint.

6. Giant Eagle incorporates by reference as if fully rewritten herein their responses set forth in response to Paragraphs 1 through 5 of Plaintiff's Complaint as restated in Paragraph 6 of Plaintiff's Complaint.

7. Giant Eagle admits the allegations set forth in Paragraph 7 of Plaintiff's Complaint .

8. Giant Eagle admits that Plaintiff was terminated from her employment with Giant Eagle and denies the remaining allegations set forth by Plaintiff in the Paragraph without a number in Count Two of Plaintiff's Complaint.

9. Giant Eagle denies the allegations set forth in Paragraph 8 of Plaintiff's Complaint.

10. Giant Eagle is without sufficient information at this time to either admit or deny the allegations set forth in Paragraph 9 of Plaintiff's Complaint.

11. Giant Eagle denies the allegations set forth in Paragraph 10 of Plaintiff's Complaint.

12. Giant Eagle denies the allegations set forth in Paragraph 11 of Plaintiff's Complaint.

## FIRST AFFIRMATIVE DEFENSE

1. Plaintiff has failed to state a claim against Giant Eagle upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

2. Giant Eagle reserves the right to assert additional affirmative defenses upon completion of discovery.

## THIRD AFFIRMATIVE DEFENSE

3. Plaintiff's claims are barred by the doctrines of waiver and estoppel.

## FOURTH AFFIRMATIVE DEFENSE

4. Plaintiff has failed to mitigate her damages.

## FIFTH AFFIRMATIVE DEFENSE

5. There is no right to a jury trial under Ohio Revised Code 4123.90.

## SIXTH AFFIRMATIVE DEFENSE

6. Plaintiff is not entitled to punitive damages against Giant Eagle, Inc.

### SEVENTH AFFIRMATIVE DEFENSE

7. Without assuming the burden of proof, Plaintiff was compensated for all hours worked in excess of 40 hours in any particular workweek (as Plaintiff clocked in and out) at a rate not less than that set forth by the overtime provisions of the FLSA.

### EIGHTH AFFIRMATIVE DEFENSE

8. Without assuming the burden of proof, Giant Eagle, Inc. complied with all recordkeeping requirements of the FLSA and Ohio law.

### NINTH AFFIRMATIVE DEFENSE

9. The Plaintiff's claims are estopped by the submission of their own time records, for which Giant Eagle, Inc. compensated her for all overtime worked and claimed.

### TENTH AFFIRMATIVE DEFENSE

10. Giant Eagle, Inc. acted at all times in good faith in attempting to comply with its obligations under the FLSA. Accordingly, liquidated damages are not available or warranted under the provisions of the FLSA.

### ELEVENTH AFFIRMATIVE DEFENSE

11. Some or all of Plaintiff's claims are barred by accord and satisfaction, settlement and/or payment and release.

### TWELFTH AFFIRMATIVE DEFENSE

12. Plaintiff has failed to exhaust administrative remedies.

### THIRTEENTH AFFIRMATIVE DEFENSE

13. Some of the activities for which Plaintiff seeks compensation were not "work" within the meaning of the Fair Labor Standards Act. Some of the activities were not integral and

indispensable to the principal activities of Giant Eagle, Inc. and/or were taken for Plaintiff's own convenience.

WHEREFORE, having fully answered, Defendant Giant Eagle, Inc. requests that Plaintiff's Complaint be dismissed with prejudice, and that the Court enter a finding that the Plaintiff is not entitled to unpaid wages and liquidated damages equal in amount to the unpaid wages, attorney's fees, costs or pre-judgment or post judgment interest and further requests costs and attorney's fees relative to this action.

                                        Respectfully submitted,

                                        *Robert C. McClelland*
                                        ROBERT C. McCLELLAND (0012352)
                                        SHANA A. SAMSON (0072871)
                                        Rademaker, Matty, McClelland & Greve
                                        55 Public Square, Suite 1775
                                        Cleveland, OH 44113-1901
                                        (216) 621-6570
                                        Fax: (216) 612-1127

                                        Attorneys for Defendant, Giant Eagle, Inc.

## **CERTIFICATE OF SERVICE**

A copy of the foregoing Answer was served electronically this __7th_____day of June, 2010 to Murray Richelson, 842 Terminal Tower, Cleveland, Ohio 44113.

Respectfully submitted,

*Robert C. McClelland*_____
Robert C. McClelland (0012352)
Shana A. Samson (0072871)